FILED

*IFP*
*NP*
(6)

2008 JUN -5 A 10 28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1   COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2   Name  Estrada   Jaime   I
3         (Last)           (First)        (Initial)

4   Prisoner Number  # J25281

5   Institutional Address PBSP. P.O. Box 7500 - Cresent City Ca.
6                                                                      95532

7           UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
8
9   Jaime IGNASCIO Estrada          )
    (Enter the full name of plaintiff in this action.)
10                                                  C08  02801  MMC
            vs.                      )   Case No.
11                                       (To be provided by the Clerk of Court)
    Linda Carol Rowe MD.            )
12  Pelican Bay State Prison Doctor )   COMPLAINT UNDER THE
                                         CIVIL RIGHTS ACT,
13  Michael Sayre MD. CMO           )   Title 42 U.S.C § 1983
14  Pelican Bay State Prison Doctor )
    (Enter the full name of the defendant(s) in this action) )
15

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.   Exhaustion of Administrative Remedies.

18       [**Note:** You must exhaust your administrative remedies before your claim can go

19       forward. The court will dismiss any unexhausted claims.]

20       A.   Place of present confinement  Pelican Bay State Prison

21       B.   Is there a grievance procedure in this institution?

22            YES (X)    NO ( )

23       C.   Did you present the facts in your complaint for review through the grievance

24            procedure?

25            YES (X)    NO ( )

26       D.   If your answer is YES, list the appeal number and the date and result of the

27            appeal at each level of review. If you did not pursue a certain level of appeal,

28            explain why.

COMPLAINT                          - 1 -

1. Informal appeal _Appeal Log No: PBSP-IA-18-2007-11471_
_BYPASS_

2. First formal level _Appeal Log No: PBSP-IA-18-2007-11471_
_12/20/07_    ~~Bypass~~    _Partially granted_

3. Second formal level _Appeal Log No: PBSP-IA-18-2007-11471_
_12/28/07 - Partially granted_

4. Third formal level _Appeal Log No: PBSP-IA-18-2007-11471_
_4-11-08 - Appeal Denied._

E.    Is the last level to which you appealed the highest level of appeal available to
you?

YES (X)    NO ( )

F.    If you did not present your claim for review through the grievance procedure,
explain why._____

_____

_____

II.    Parties.

A.    Write your name and your present address.  Do the same for additional plaintiffs,
if any.

_Jaime I. Estrada  # J25281_
_PBSP. P.o. Box 7500_
_Crescent City Ca. 95532_

B.    Write the full name of each defendant, his or her official position, and his or her
place of employment.

_____

COMPLAINT                    - 2 -

1  Linda Carol Rowe md. at Pelican Bay State Prison
2  C-facility Primary care provider "PCP"
3  Michael Sayre md. Chief medical officer "CMO"
4  of Pelican Bay state Prison medical.

5  III.    Statement of Claim.

6         State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  I was diagnosed with degenerate Arthiritis of my
11  Lower back. in June of 2006.  I've been dealing w/
12  Severe Back Pain due to the Arthiritis.  I was seen by the
13  facility Doctor Rowe. who has been down Playing the
14  Severity of my Arthiritis - I was Prescribed a Analgesic
15  to Allevate the Pain - The Analgesic is not Allevating my Pain
16  I requested to see a Specialist such as a orthopedic
17  to review my medical file - to see if he can treat my
18  Lower back Pain. I Am constantly throwing out my back
19  The Pain Medication is not helping  Dr. Rowe  and the
20  Chief medical officer Michael Sayre, has look over every
21  Action DR. Rowe has taken.  She refuses to refer me to
22  See a Specialist or to have New X-Rays taken of my Lower
23  back - the Last X-Rays were taken over 2 yrs. ago.

    IV.    Relief.

24         Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26  I would Like to see a Specialist such as a
27  orthopedic to review my Lower Back Pain "Arthiritis"
28  and To have New X-Rays taken of my Lower back
    and to Receive a Proper Analgesic ——— and Legal fees

COMPLAINT                              - 3 -

1  that is All I am requesting - To see a
2  Specialist for my Back and a proper Pain Analgesic
3  and New X-RAYS —

4

5      I declare under penalty of perjury that the foregoing is true and correct.

6

7      Signed this _____ day of 4 - April , 20 08

8

9                         Jaima Estrada

10                              (Plaintiff's signature)

11

12

13      Legal papers

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                     - 4 -

| NO: | J-25281 | | NAME: | ESTRADA, JAMIE          CDC 128G |
|---|---|---|---|---|
| HOUSING: | 4A4L-19R | | CUST: | MAX          WG/PG:     D2/D |
| CS:   119 | ETH:   MEX. | LEVEL:   IV | ACTION: | INITIAL REVIEW: RET. COR & P/O D/C & |
| REL DT: | MEPD 11/23/26 | MERD:   03/17/04 | | B1 C/C YARD. PSYCH REVIEW. NO W/S |
| BPT-TYPE: | DOC #1 | RC   01/04 | | POLICY EXPL. |
| DATE: | 2020 | GPL   5.8 | | |

Inmate ESTRADA *made a personal appearance before IV-A SHU ICC on today's date for his INITIAL REVIEW.* "S" *was* provided 72 hours advance notification. "S" stated he was in good health and ready to proceed. "S" was initially placed into Ad/Seg on 08-02-03 at CSP-COR for the specific act of Dangerous Contraband/Poss. of Deadly WPN. "S" was assessed a 10 mo. EXP. SHU TERM with a MERD of 03-17-04. "S" CDC 114D is current and accurately documents the reasons for ASU Placement.

**COMMITTEE ACTION:** Comm elects to retain COR DETERMINATE SHU and establish Custody at MAX and WGPG at D2D eff. from 08-02-03 through MERD per PC 2933.6.

**CELL/YARD REVIEW:** Comm elects to place "S" on **D/C STATUS** based on no in cell violence **& B1 C/C YARD** based on minimal yard violence, none in SHU/Ad/Seg. **THE NO WARNING SHOT POLICY was explained and "S" stated he understood.** There **IS** history of Assaultive behavior. There **IS NO** history of in-cell violence. There **IS NO** history of sexual assault behavior. **NOTING:** 12-07-99 & 01-14-00; GP Yard Mutual Combat.

*Refer to CDC 128G dtd. 04-29-03 for case factors.*

**TB CODE is 32 per 128C dtd. 04-29-03.**

**MENTAL HEALTH:** "S" *IS NOT* a participant in the **MHSDS per CDC 128C dtd. 09-10-03.**

**INMATE-COMMENTS-PARTICIPATION** "S" **AGREED** with Comm's decision and appeal rights were explained. *"S" stated that he is compatible with cellmate.*

*Restitution fine: $N/A.*
"S" next Classification will occur on 01/10/04 for Pre-MERD Review.
*MB/cd          cc: I/M*

| D. ORTIZ | | S. PINA | M. BRIGGS | S. CUMMINGS |
|---|---|---|---|---|
| CHAIRPERSON/CDW (A): | Member/CAPT/REC: | Member/SGT. | Member/CCI: | Member/PSYD |
| **DATE: 11-05-03** | **FAC 4A     ICC/SHU** | **CLASSIFICATION** | | **INST: CSP-COR** |

8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO:                    FAX NO:
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited    ☒ Limited | ☐ Counter    ☐ Joinder | |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☒ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☐ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:

Jaime I. Estrada
(TYPE OR PRINT NAME)

▶ *Jaime Estrada*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc. www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220  of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

---

CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, _____, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California.  I am over eighteen (18) years of age and am a party to the below named action.

My Address is:  P.O. Box 7500, Crescent City, CA 95531.

On the_____ day of _____, in the year of 20___, I served the following documents: (set forth the exact title of documents served)

_____

_____

_____

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 20____.

Signed: _____
        (Declarant Signature)

Rev. 12/06

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR FILING A COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 1983**

**I.**    <u>**42 U.S.C. §§ 1983**</u>

        You may file an action under 42 U.S.C. §§ 1983 to challenge federal constitutional or statutory violations by state actors which affect the conditions of your confinement.

        A §§ 1983 action may not be used to challenge the length of your sentence or the validity of your conviction. Such claims must be addressed in a petition for a writ of habeas corpus, on the correct forms provided by the clerk of the court.

**II.**    <u>**Filing a §§ 1983 Action**</u>

        To file a §§ 1983 action, you must submit: (1) an original complaint and (2) a check or money order for $350.00 <u>or</u> an original Prisoner's <u>In Forma Pauperis</u> Application.

        This packet includes a complaint form and a Prisoner's <u>In Forma Pauperis</u> Application. When these forms are fully completed, mail the <u>originals</u> to: Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

**III.**    <u>**Filing Fees**</u>

        Under the Deficit Reduction Act of 2005, the filing fee for a § 1983 action filed on or after April 9, 2006 has been increased to $350.00 from $250.00, to be paid at the time of filing. If you are unable to pay the full filing fee at this time, you may petition the court to proceed <u>in forma pauperis</u>, using the Prisoner's <u>In Forma Pauperis</u> Application in this packet. You must fully complete the application and sign and declare under penalty of perjury that the facts stated therein are true and correct.

        Each plaintiff must submit his or her own Prisoner's <u>In Forma Pauperis</u> Application. You must use the Prisoner's <u>In Forma Pauperis</u> Application provided with this packet and not any other version.

**IV.**    <u>**Complaint Form**</u>

        You must complete the entire complaint form. Your responses must be typewritten or legibly handwritten and you must sign and declare under penalty of perjury that the facts stated in the complaint are true and correct. Each plaintiff must sign the complaint.

        Under 42 U.S.C. §§ 1997e, you are required to exhaust your administrative remedies before filing a §§ 1983 action; you must indicate clearly on the complaint form whether you have done so.

PrisonerCiv4-06.wpd

1    **V.    After Complaint Is Filed**

2         You will be notified as soon as the court issues any order in your case. It is your
responsibility to keep the court informed of any changes of address to ensure you receive court
3    orders. Failure to so do may result in dismissal of your action.

4    **VI.    Repeat Filers**

5         If you are seeking leave to proceed in forma pauperis and, while incarcerated or detained,
you have filed §§ 1983 actions on three or more prior occasions which were dismissed as
6    frivolous, malicious, or for failure to state a claim upon which relief may be granted, you may not
file a new §§ 1983 action unless you are under imminent danger of serious physical injury. 28
7    U.S.C.
§§ 1915(g).

8
**VII.    Inquiries and Copying Requests**
9         Because of the large volume of cases filed by inmates in this court and very limited court
resources, the court can no longer answer questions concerning the status of your case or provide
10   copies of documents, except at a charge of fifty cents ($0.50) per page. You must therefore keep
copies of all documents submitted to the court for your own records.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PrisonerCiv4-06.wpd                                    - 2 -

JAIME ESTRADA, J25281
CASE NO. 0719648
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Health Care Manager, PBSP
        Appeals Coordinator, PBSP
        Medical Appeals Analyst, PBSP

INMATE/PAROLEE PELICAN BAY STATE PRISON
APPEAL FORM SECURITY HOUSING UNIT
CDC 602 (12/87) UNIT C-2

Location / Institution **PBSP**

Log No. IA-18.2007-11471
1. _____
2. _____

Category **8/16**
Ineffective pain meds

C2-215L

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| JAIME ESTRADA | J-25281 | — — — — — | C2-102 |

A. **Describe Problem:** A YEAR AGO I WAS DIAGNOSED WITH ARTHRITIS ON MY LOWER BACK STIFFNESS AND DECREASE THE RANGE IN MOTION WITH LOWER LUMBER SPINE TENDERNESS. FOR MONTHS I BEEN HAVING CHRONIC PAIN ON MY BACK AND NUMBNESS DOWN MY LEFT LEG. WICH KEEPS ME UP MOST OF THE NIGHT IN PAIN AND DISCOMFORT WHEN I LAY DOWN.

IN NUMEROUS OCCASSIONS I HAVE SPOKEN TO THE DOCTOR OF THE ARTHRITIS PAIN AND SYMPTOMS OF STIFFNESS. I'VE ALSO PUT IN MANY (7362) FORMS, IN ORDER TO REQUEST STRONGER MEDICATION THAT WILL ALLIVATE THE PAIN AND

**If you need more space, attach one additional sheet.**

( 2 ) ADDITIONAL PAGES ADDED
1 IS SUPPLEMENTAL (602) 1 (7221) COPY...

B. **Action Requested:** TO BE PROVIDED WITH PROPER MEDICATION FOR MY CHRONIC PAIN AND TO PREVENT FURTHER DETERIORATION OF MY JOINTS. MEDICATION SUCH AS CELEBEX THAT PREVENT OR HELPS WITH INFLAMATION AND PAIN. IF PBSP IS UNABLE TO PROVIDE SUCH MEDICAL CARE THAN TO REFFERE ME TO A SPECIALIST. THANK YOU!

Inmate/Parolee Signature: *Jaime Estrada* Date Submitted: 11/9/07

C. **INFORMAL LEVEL** (Date Received: _____ )

**Staff Response:**

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-2

DUPLICA...

Staff Signature: _____ Date Returned to Inmate: _____

D. **FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DUPLICA...

Signature: _____ Date Submitted: _____

**Note:** Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

NOV 13 2007 DEC 27 2007 2ND

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 11-13-07    Due Date: 12-28-07

Interviewed by: _____

*See attached*
*response*

Staff Signature: C. Gorospe    Title: SSA    Date Completed: 12/20/07

Division Head Approved: MC Kan    Signature: _____    Title: CMO    Returned: DEC 2 1 2007    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

On 12-18-07 I was reviewed by dr. Rowe at the 1st level response at my hearing. I disagree with the Dr. Rowe's findings. my appeal was Partially granted. Please see exhibit B on the attached Paper. I believe I am receiving insufficient medical treatments. I have multiple diagnosis that add up to one severe Problem. Therefore I disagree with the hearing!

Date Submitted: 12/26/07

Second Level    ☒ Granted    ☒ P. Granted    ☐ Denied    ☒ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-27-07    Due Date: 1-28-08

☒ See Attached Letter

Signature: _____    CC II    Date Completed: 12-28-07

Warden/Superintendent Signature: MMCh #II    Date Returned to Inmate: JAN 02 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I disagree with 2nd level's review. I feel my Action requested has merit. I am receiving insufficient medical treatment - how much more is my Health to deteriorate before I receive sufficient treatment. I deal with chronic severe Pain in my back daily. The Pain is now Spreading. I request new x-rays to be taken at my back. Also to see a specialist/orthopedic, and a Proper Pain Medic for my Pain.

Signature: Jaime C Strada    Date Submitted: 1/6/08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other
☒ See Attached Letter    Date: APR 11 2008

CDC 602 (12/87)

PELICAN    Exhibit . A.

SUPLEMENT PAGE (6 of 2 )

## UNIT C-2

STIFFNESS, ALSO TO PREVENT INFLAMATION AND FURTHER DETERIORATIO OF MY JOINTS.

SINCE (2006) I HAVE ONLY BEEN GIVEN TYLENOL AND ALL THIS TIME I'VE COMPLAINED THAT IT DOES VERY LITTLE TO ALLIVIATE THE PAIN AND AT TIMES THE FLARE UP IS SO INTENSE THAT TYLENOL DOES NOTHING AT ALL. SO I'M LEFT HURTING REAL BAD DAY & NIGHT.

I'M INCLOSING A CUC (622.21) COPY OF PHYSICIANS ORDERS DATED 10-11-200 WHERE ITS STATED THAT CELEBREX WOULD BE CONSIDERED FOR MY ARTHRITIS PAIN. YET, TIME AND TIME I'M ONLY GIVEN TYLENOL. THERE ARE MANY AVAILABLE MEDICATIONS FOR ARTHRITIS TREATMEN THAT CAN BE PRESCRIBED TO ME & ALLIVIATE AND PREVENT FURTHER DAMAGE TO MY JOINTS.

I FEEL THAT FOR THE PAST YEAR I BEEN TREATED WITH DELIBERATE INDIFERENCE BY KNOWINLY NOT PROVIDING ME WITH THE PROPER MEDICAL CARE. ALLOWING MY JOINTS TO WORSEN AND THE PAIN TO INTENSIFY. I'M REQUESTING BY LAW AS MANDATED IN THE MADRID CLASS ACTION LAWSUIT AND TITLE 15 RULES AND REGULATIONS (3350 (1) TO BE PROVIDED WITH PROPER MEDICATION.

I SHOULD NOT BE SUBJECTED TO LIVE EVERYDAY IN SO MUCH PAIN WHEN AVAILABLE MEDICATIONS EXIST.

ALLOWING MY JOINTS TO GET WORSEN AND THE PAIN TO INTENSIFY. IT IS MY INTENCION TO REQUEST PBSP TO ASSIST ME WITH PROVIDING ME WITH PROPER MEDICAL CARE TO ALLIVIATE MY CHRONIC PAIN. I WISH TO RESOLVE THIS MATTER RESPECTFULLY AND AS QUICK AS POSSIBLE. I THANK YOU FOR YOUR TIME AND UNDERSTANDING.

SINCERRALLY    JAIME ESTRADA J23251 1/9/0

Jaime Estrada  C5-102

PBSP.

I feel, I am receiving insufficient Medical treatment. I agree that the facility Dr. Rowe has prescribed some analgesics in the past, however they did not Alleviate my severe chronic pain. understand I deal with pain daily! which can be severe at times, instead of going through all the formulary medications I feel I should be prescribed a proper Analgesic that would alleviate my chronic pain. also I recently found out I have beginning stages of Parkinson's Disease. I don't know if this recent diagnosis, is aggravating my lower back pain? yes, I do have Multiple diagnosis, on my last x-rays my Arthritis was at a mild stage of Degeneration on the L3-L4. However those x-rays were taken over 18 months ago. Alot can change sense than! why hasn't the Doctor order new x-rays. To see if there is no change in the Arthritis. I honestly feel that the medical is not taking my diagnosis serious. the Treatment I am receiving is minimal, if not insufficient! If my condition has not gotten worse let the specialist make that diagnosis diagnosis, not Dr. Rowe. Also with my recent diagnosis with Parkinson's Disease, and my current Rx. is not Alleviating my severe chronic pain. who's to say my lower back pain is not severe. even if my Arthritis is mild. I still deal with daily chronic pain. I am just making a simple request, I would like to see a specialist / orthopedic Doctor. and to receive a proper analgesic to alleviate my chronic pain. I don't see why this is so hard. I just want the facility Doctor to compromise with me and Nothing more. I feel at this moment I am not receiving sufficient medical treatment. And that my diagnosis is not being taken serious. I honestly feel my Arthritis in my lower back has gotten worse. in which it has spread to my upper middle back. the pain is severe and with my recent diagnosis with Parkinson's Disease my condition is consider serious. I Also have not receive no type of medication for Parkinson's. I don't know how much more does my health has to deteriorate before I will receive the proper and sufficient medical treatment I am entitled to by Law — please see Exhibit c. the following case law will support my argument. about not

**NOTE: SEND COPY OF PHYSICIAN'S ORDER & MEDICATION TO PHARMACY AFTER EACH ORDER IS SIGNED.**

## Plan

| Plan Dt/Tm | Plan | Provider |
|---|---|---|
| 10-11-2006 1309 | X-ray of L hip and UGI series<br>DC Reglan as it does not help<br>Pepto-bismol prn for diarrhea<br>Continue Tylenol 975 mg QID prn<br>If UGI is negative , will consider Celebrex for arthritis<br>RTC after both x-ray reports are back | ROWE, MD, LINDA |

UNIT C-2

## Medications

| Start Dt/Tm | Medication | Strength | Rte | Freq | Duration | Provider |
|---|---|---|---|---|---|---|
| 10-11-2006 1311 | PINK BISMUTH TABLET CHEW | 2 TAB | PO | PRN | 45 | ROWE, MD, LINDA |

## Tests

| Order Dt/Tm | Test/Instructions | Ordered By: |
|---|---|---|
| 10-11-2006 1312 | X-RAY | ROWE, MD, LINDA |
|  | L hip to r/o arthritis or other pathplogy; UGI for contineds abd pain/diarrhea | |

## Vitals

| Vital Dt/Tm | Temp (F) | Pulse | Respiration | BP | Provider |
|---|---|---|---|---|---|
| 10-11-2006 1255 | 94.9 | 96 | 16 | 110/80 | GONGORA, MTA, DANIEL |

## Noted

| Noted Dt/Tm | Noted By |
|---|---|
| 10-11-2006 1330 | PATCH, MTA, JAMES |



Confidential client information
See W & I Code, Sections 4514 and 5328

**PHYSICIAN'S ORDERS**

CDC 7221
STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

CDC #: J25281

Name(L,F,M,S): ESTRADA, JAIME

EXHIBIT C

Estelle V. Gamble

We therefore conclude that the deliberate indifference to "serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally delaying or denying access to medical care or intentionally interfering with the treatment once prescribed. regardless of how evidenced. deliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983"]

X Cite this case in your Reply.

(McCabe v. Prison Health services. (E.D.PA. 1997) 117 f. supp. 2d 443.)

PELICAN BAY State
UNIT C-2

---

• The district court held that a prisoner need not present expert testimony regarding the "seriousness" of a medical condition where the severity is acknowledge by prison Doctors. or would be apparent to a lay person. 117 f. supp. 2d at 452

Hughes v. Joliet Corrections center] 931 f. 2d 425. 428 [7th Cir. 1991]
Evidence That medical staff treated Patient. The Plaintiff Not as a
Patient but as a "Nuisance" and were insufficiently Interested
in his health to take even minimal steps to Gaurd against
The Possibility that the Injury was severe]

I state that this bo2 appeal is true To the best
of my Knowledge and was served on the respondent within
the 15 day guide lines. and by The Penalty of Perjury
I State I understand and that I conclude. To
the above.
    I hereby affix my signature on this
date and Time.

    X   _Jaimn. Estrada_
              Signature.

    ✓   _12-26-07_        and    _12:40 pm_
              Date                    Time

# FIRST LEVEL SUPPLEMENTAL PAGE
First Level Reviewer's Response

**RE:** PELICAN BAY STATE PRISON
      Appeal Log #: PBSP-IA-18-2007-11471
      Inmate Name: ESTRADA, J25281

PELICAN BAY S.H.U.

UNIT C-2

**APPEAL DECISION**: PARTIALLY GRANTED

**APPEAL ISSUE:** You filed this CDC 602 on November 9, 2007, requesting proper medication for your chronic pain and to see a specialist.

**FINDINGS:** Your appeal with the attachments and your requested action has received careful consideration. Cynthia Gorospe, Health Care Appeals Coordinator, conducted the First Level Appeal Review on December 19, 2007.

Dr. Rowe interviewed you on December 18, 2007. You stated to her that you need a more effective pain reliever other than Tylenol. She states you have mild degenerative changes at L3-L4 on previous back films dated June 26, 2006, which are otherwise negative x-rays. She states you have tried Motrin, Naprosyn, Voltaren and even Elavil for your chronic low back pain. You were also provided muscle relaxers for a short time. You stated that you wanted to be pain-free or get better. You were advised that arthritis is a progressive disease and that there is no one medication that will work indefinitely and there is no cure. You inquired about other medications such as Celebrex and were told that this medication is not on the formulary and that prescriptions that are on the formulary would have to be tried first. You were also reminded that you were treated for H. pylori gastritis in 2006 and that non-steroidal anti-inflammatories (NSAIDS) are not good choices for the long-term as they affect the GI tract as well as the kidneys. You had an EGD performed in January 2007 and were found to have gastritis and GERD. You have needed proton pump inhibitor treatments and multiple stomach medications, and this process is affected by NSAIDS, so you asked to try Tylenol 975mg three times daily for your arthritis and you state it hardly affects the pain. Examination revealed that you walk well and are in no acute distress. Dr. Rowe indicates that there is no current indication for you to see a specialist for your back pain/arthritis. You were advised to do stretches and you said they do not help. Your Tylenol was discontinued because you claim it is ineffective. Dr. Rowe has prescribed Salsalate 1000mg twice a day with food. She advised you to return to the clinic in six weeks for a follow-up regarding your medication. You were advised that you need to give the medication time to be effective. Your medication issue is granted in that you have received medication in the past and are receiving new medication currently for your back pain/arthritis. Your request to see a specialist is denied as not medically necessary at this time.

**DETERMINATION OF ISSUE:** A thorough review of your request presented in this complaint has been completed. Based on this review, the action requested to resolve the appeal is partially granted.

_C. Gorospe_      12/20/07      _M. Sayre_      12/20/07
C. GOROSPE          Date             M. SAYRE, M.D.      Date
Health Care Appeals Coordinator            Chief Medical Officer

A review of the PBSP list for inmates with Test of Adult Basic Education (TABE) Reading Scores of 4.0 or less indicates your Reading Grade Point Level (RGPL) is above 4.0. A review of the PBSP "Assistive Device List" reveals you do not require special accommodation to achieve effective communication.

SECOND LEVEL APPEAL RESPONSE

PELICAN BAY STATE

RE:   PELICAN BAY STATE PRISON
      Appeal Log: IA-18-2007-11471        SEC
      Inmate: ESTRADA J25281

UNIT C-2

Maureen McLean, FNP, Health Care Manager at Pelican Bay State Prison, (PBSP) reviewed this matter. Joseph Kravitz, Correctional Counselor II, conducted the Appeal at the Second Level of Review on December 27, 2007.

**APPEAL ISSUE:** You filed this CDC 602 on November 9, 2007, requesting proper medication for your chronic pain and to see a specialist. Your appeal with the attachments and your requested action has received careful consideration. Cynthia Gorospe, Health Care Appeals Coordinator, conducted the First Level Appeal Review on December 19, 2007. Dr. Rowe interviewed you on December 18, 2007. You stated to her that you need a more effective pain reliever other than Tylenol. She states you have mild degenerative changes at L3-L4 on previous back films dated June 26, 2006, which are otherwise negative, x-rays. She states you have tried Motrin, Naprosyn, Voltaren and even Elavil for your chronic low back pain. You were also provided muscle relaxers for a short time. You stated that you wanted to be pain-free or get better. You were advised that arthritis is a progressive disease and that there is no one medication that will work indefinitely and there is no cure. You inquired about other medications such as Celebrex and were told this medication is not on the formulary and that prescriptions that are on the formulary would have to be tried first. You were also reminded that you were treated for H. pylori gastritis in 2006 and that non-steroidal anti-inflammatories (NSAIDS) are not good choices for the long-term as they affect the GI tract as well as the kidneys. You had an EGD performed in January 2007 and were found to have gastritis and GERD. You have needed proton pump inhibitor treatments and multiple stomach medications, and this process is affected by NSAIDS, so you asked to try Tylenol 975mg three times daily for your arthritis and you state it hardly affects the pain. Examination revealed that you walk well and are in no acute distress. Dr. Rowe indicates that there is no current indication for you to see a specialist for your back pain/arthritis. You were advised to do stretches and you said they do not help. Your Tylenol was discontinued because you claim it is ineffective. Dr. Rowe has prescribed Salsalate 1000mg twice a day with food. She advised you to return to the clinic in six weeks for a follow-up regarding your medication. You were advised that you need to give the medication time to be effective. Your medication issue is granted in that you have received medication in the past and are receiving new medication currently for your back pain/arthritis. Your request to see a specialist is denied as not medically necessary at this time.

**FINDINGS:** A review of your appeal, including staff's efforts to resolve the appeal at the informal level and at the first formal level, together with your responses, has been completed. All submitted documentation and supporting arguments of the appellant have been considered. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. J. Kravitz, CC II, reviewed your appeal and responses on December 27, 2007. You requested a second level review of this appeal on December 26, 2007. You stated you disagreed with Dr. Rowe's findings and that you feel you are receiving insufficient treatment. Your lumbar x-rays dated June 2006 revealed you had mild degenerative arthritic changes. You claim to be having increased daily pain and feel the medication you have been prescribed is not working. You are asking to see an orthopedic specialist for an evaluation to receive proper pain medication. As noted above, your provider has determined that a referral to an orthopedic consultant is not medically indicated at this time. Your provider last saw you on December 18, 2007. At that visit she prescribed Salsalate 1000mg twice per day with food. She also advised you to do stretching exercises daily to help with your back pain. Dr. Rowe requested to re-evaluate you in six weeks to evaluate the effectiveness of the new medication. It is important that you take the medication as prescribed. The second level of review finds that the medical care you are receiving for your back pain is adequate. The Appellant is informed per Title 15 Article 8, Medical and Dental Services section 3350, Provision of Medical Care and Definitions subsection (a) The department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. It

CHIEF, INMATE APPEALS BRANCH
DEPARTMENT OF CORRECTIONS
AND REHABILITATION
P.O. BOX 942883
SACRAMENTO, CA 94283-0001

# CONFIDENTIAL

C 2 - 715

APR 1 8 2008

– CONFIDENTIAL MAIL –
THIS LETTER WAS OPENED AND SEA
THE PRESENCE OF THE INMATE ADD

DELIVERED BY _____ OFFICER

RECEIVED BY _____ INMATE

DATE _____

IA-18-2007-11471
ESTRADA J25281
Page 2

is noted that your provider is working to find an effective medication for your pain issues. Your request for an orthopedic consultation is denied at the second level of review. The second level finds that you are receiving appropriate treatment and as such this potion of the appeal is partially granted.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-2

**DECISION:** The Appeal is partially granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_____ 12-28-07       _____ 12/31/07
JOSEPH KRAVITZ       Date        MAUREEN MCLEAN, FNP    Date
Correctional Counselor II                  Health Care Manager

A review of the PBSP list for inmates with Test of Adult Basic Education Reading Scores of 4.0 or less indicates your Reading Grade Point Level (RGPL) is above 4.0. A review of the PBSP " Assistive Device List" reveals you do not require special accommodation to achieve effective communication.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    APR 1 1 2008

In re:    Jaime Estrada, J25281
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

IAB Case No.: 0719648        Local Log No.: PBSP-07-11471

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:**  It is the appellant's position that the medical staff at Pelican Bay State Prison (PBSP) is inappropriately failing to provide him adequate pain medication for his back. The appellant contends that he has been prescribed numerous medications but none are controlling his pain. The appellant requests that his medication be changed and that he be referred to a specialist.

**II  SECOND LEVEL'S DECISION:**  The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The First Level of Review (FLR) noted that the appellant was examined by his primary care physician (PCP) who noted that the appellant has tried numerous pain medications and that due to his arthritis there is no one pain medication that will work indefinitely. The PCP found that there is no medical indication to support referring the appellant to a specialist at this time as there have only been mild changes on his most recent x-rays. The FLR noted that the appellant's request was reviewed by the Chief Medical Officer (CMO) who denied the request and concurred with the treatment plan that the PCP is providing the appellant. The Second Level of Review (SLR) partially granted the appeal.

**III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

**A.  FINDINGS:**  The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The Director's Level of Review (DLR) finds that the appellant's request was reviewed by his PCP, and the CMO, who determined that there was no medical evidence to support changing his medication. The DLR notes that the CMO has overall responsibility for the medical care provided to the appellant and has found that the treatment he is receiving is adequate. The California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical staff shall be permitted to diagnose illness and prescribe medication and medical treatment for inmates. It is not appropriate for the appellant to self-diagnose his own medical problems and then expect a medical doctor to implement the appellant's recommendation for a course of medical treatment. The appellant's request was appropriately reviewed by licensed physicians and denied. Therefore no relief is provided at the DLR.

**B.  BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3350, 3350.1, 3354

**C.  ORDER:**  No changes or modifications are required by the Institution.

JAIME ESTRADA, J25281
CASE NO. 0719648
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Health Care Manager, PBSP
        Appeals Coordinator, PBSP
        Medical Appeals Analyst, PBSP

NAME: Jaime Estrada J. 25281

CDC.NO.: J-25281, HOUSING: C2-215

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA. 95532.

U.S. Northern Dist. of Ca.
280 "S" First Street, #2112
San Jose, Ca. 95112-3008

PELICAN BAY STATE PRISON
5905 Lake Earl Dr.
Crescent City, CA 95532

