IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNASCIO ESTRADA,<br><br>        Plaintiff,<br><br>  v.<br><br>LINDA CAROL ROWE, M.D.,<br>MICHAEL SAYRE, M.D.,<br><br>        Defendants.<br>_____ | No. C 08-2801 MMC (PR)<br><br>**ORDER OF SERVICE; FINDING<br>CASE SUITABLE FOR REFERRAL<br>TO PRO SE PRISONER MEDIATION<br>PROGRAM; DIRECTING<br>DEFENDANTS TO FILE ANSWER;<br>DENYING PLAINTIFF'S MOTION<br>FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 3)** |

On June 5, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against two physicians employed at PBSP. That same date, plaintiff filed a motion for appointment of counsel. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claim

Plaintiff alleges that he suffers from degenerative arthritis in his lower back and that defendants PBSP doctors Carol Rowe and Michael Sayre have refused to provide him with appropriate pain medication, to take updated x-rays of his back, or to refer him to an outside specialist for proper treatment.  He seeks injunctive relief.

Plaintiff's allegations, when liberally construed, state a cognizable claim for the violation of plaintiff's right, under the Eighth Amendment, not to be subjected to deliberate indifference to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

C.    Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel.  There is no constitutional right to counsel in a civil case such as this.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time.  Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Plaintiff's motion for the appointment of counsel is hereby DENIED.  (Docket No. 3.)

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Dr. Linda Carol Rowe and Dr. Michael Sayre at**

1  **Pelican Bay State Prison.**  The Clerk shall also <u>mail courtesy copies</u> of the complaint and

2  this order to the California Attorney General's Office.

3      3.  <u>Referral to Pro Se Prisoner Mediation Program</u>:  The court has established a Pro Se

4  Prisoner Mediation Program under which prisoner civil rights cases may be referred to a

5  neutral Magistrate Judge for mediation.  The Court finds the instant matter suitable for

6  mediation proceedings following service of the summons and complaint on defendants.

7  Accordingly, **defendants shall file an answer** within **sixty (60) days** of the date this order is

8  filed, at which time the Court will refer the instant action for mediation under the Pro Se

9  Prisoner Mediation Program.

10      4.  All communications by plaintiff with the Court must be served on defendants, or

11  defendants' counsel once counsel has been designated, by mailing a true copy of the

12  document to defendants or defendants' counsel.

13      5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

14  informed of any change of address and must comply with the Court's orders in a timely

15  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

16  pursuant to Federal Rule of Civil Procedure 41(b).

17          IT IS SO ORDERED.

18  DATED: January 6, 2009

19                              MAXINE M. CHESNEY
                               United States District Judge

20

21

22

23

24

25

26

27

28

3