IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNASCIO ESTRADA, ) | No. C 08-2801 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND; DIRECTING CLERK OF COURT TO SERVE DEFENDANTS' COUNSEL WITH AMENDED COMPLAINT; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING DATE; SETTING BRIEFING SCHEDULE; DENYING PLAINTIFF'S PENDING MOTIONS FOR ORDER TO RESPOND, FOR COUNSEL, AND FOR INJUNCTION** |
| v. ) | |
| ) | |
| LINDA CAROL ROWE, M.D., ) | |
| MICHAEL SAYRE, M.D., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**(Docket Nos. 7, 8, 12, 13 & 25)**

On June 5, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against two physicians employed at PBSP, claiming deliberate indifference to his serious medical needs and seeking injunctive relief. By order filed January 6, 2009, the Court found the complaint stated cognizable claims for relief against PBSP doctors Carol Rowe and Michael Sayre, and ordered the complaint served on those defendants. Additionally, the Court found the instant matter suitable for mediation proceedings pursuant to the Northern District's Pro Se Prisoner Mediation Program, directed defendants to file an answer, and advised the parties the Court thereafter would refer the action for mediation.

Prior to defendants making an appearance herein, plaintiff filed a motion for leave to file an amended complaint to include a claim for damages. A plaintiff may amend his

complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Consequently, plaintiff's motion for leave to file an amended complaint is GRANTED. As plaintiff did not, however, serve defendants with a copy of the amended complaint, plaintiff's motion for an order directing defendants to respond to the amended complaint is hereby DENIED. Nevertheless, in light of the filing of the amended complaint, which filing supplants the initial complaint, defendants' recently-filed motion to dismiss the initial complaint on the ground the Court lacks jurisdiction to hear plaintiff's injunctive relief claim is hereby DENIED as moot, and the June 26, 2009 hearing date set thereon by defendants' counsel is hereby VACATED.[1]

In the interest of expediting the resolution of the medical claims at issue herein, the Clerk of the Court is hereby DIRECTED to serve defendants' counsel with a copy of the amended complaint (Docket No. 8). <u>Henceforth, all communications by plaintiff with the Court must be served by plaintiff on defendants' counsel by mailing a true copy of the document to defendants' counsel.</u>

Within **twenty** days of the date this order is filed, defendants shall file either a renewed motion to dismiss the complaint or a notice informing the Court they do not intend to file such a motion at this time.

If defendants file a motion to dismiss, plaintiff shall, within **twenty** days of being served with the motion, file opposition thereto. Within **ten** days of being served with plaintiff's opposition defendants shall file a reply.

If defendants inform the Court they do not intend to file a motion to dismiss at this time, the case will be referred for mediation under the Pro Se Prisoner Mediation Program, as set forth in the Court's order of service.

Plaintiff has filed a motion for the appointment of counsel. Previously, in the order of service, the Court denied a similar request. As no new grounds exist to warrant the

---

[1] As plaintiff is incarcerated and proceeding pro se, the parties are notified that no hearings will be held in this case without a prior court order.

appointment of counsel, plaintiff's motion for appointment of counsel is hereby DENIED. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

Finally, plaintiff has filed a motion for a preliminary injunction. Plaintiff, however, has neither complied with the notice requirement for issuance of a preliminary injunction or temporary restraining order, nor has he certified the reasons for his failure to provide such notice. See Fed. R. Civ. P. 65(a)(1), (b)(1). Accordingly, the motion for preliminary injunction is hereby DENIED.

This order terminates Docket Nos. 7, 8, 12, 13 and 25.

IT IS SO ORDERED.

DATED: May 22, 2009

_____
MAXINE M. CHESNEY
United States District Judge