**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNASCIO ESTRADA, ) | No. C 08-2801 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO FILE** |
| ) | **SUPPLEMENTAL COMPLAINT AND** |
| v. ) | **SETTING BRIEFING SCHEDULE;** |
| ) | **ORDER OF SERVICE RE:** |
| LINDA CAROL ROWE, M.D., ) | **SUPPLEMENTAL COMPLAINT;** |
| MICHAEL SAYRE, M.D., ) | **DIRECTIONS TO CLERK** |
| ) | |
| Defendants. ) | |
| ) | **(Docket No. 44)** |
| _____ ) | |

On June 5, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against two physicians employed at PBSP, claiming deliberate indifference to his serious medical needs and seeking injunctive relief. By order filed January 6, 2009, the Court found the complaint stated cognizable claims for relief against PBSP doctors Carol Rowe and Michael Sayre, and ordered the complaint served on those defendants. Additionally, the Court found the instant matter suitable for mediation proceedings pursuant to the Northern District's Pro Se Prisoner Mediation Program, directed defendants to file an answer, and advised the parties the Court thereafter would refer the action for mediation.

Prior to defendants' appearance herein, plaintiff filed a motion for leave to file an amended complaint to include a claim for damages. By order filed May 22, 2009, the Court

granted plaintiff's request and ordered the first amended complaint ("FAC") served on defendants. After defendants filed an answer to the FAC, the Court, by order filed May 22, 2009, referred the matter to Magistrate Judge Nandor J. Vadas for mediation proceedings. On October 21, 2009, Magistrate Judge Vadas reported that a settlement conference had been held on October 8, 2009, but the parties were unable to reach an agreement.

Now pending before the Court is plaintiff's motion for leave to file a supplemental complaint. In his proposed supplemental complaint, plaintiff alleges that the constitutional violations of which he complains in his FAC are ongoing. Specifically, plaintiff alleges that, since December 2008, he has been denied adequate medical care for his chronic health problems on a continuing basis by Dr. Nancy Adam, a newly named defendant, and also by existing defendant Dr. Sayre. Additionally, plaintiff has included a claim for violation of his rights under the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). Plaintiff alleges he has exhausted administrative remedies with respect to his new claims. He seeks injunctive relief and monetary damages.

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and "upon such terms as are just." Id. While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action. See Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the original pleading. See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).

In the interest of resolving all of plaintiff's related claims concerning the constitutionality of his medical care for his chronic health problems, the Court will allow plaintiff to proceed with his supplemental claims of deliberate indifference to his serious medical needs against newly named defendant Dr. Adam and previously named defendant Dr. Sayre.

Plaintiff's request to proceed with his ADA claim, however, will be denied. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Although Title II of the ADA does not itself expressly provide for reasonable accommodations, one of the implementing regulations does provide for such accommodations, as follows: "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

Here, plaintiff alleges that his disability is his deteriorating health, which has resulted in his inability to stand or walk for more than thirty minutes, and that defendants Dr. Adam and Dr. Sayre have denied him the reasonable accommodations of proper medication for his chronic pain, an MRI, and referral to an orthopaedic specialist. Such allegations, however, do not support a claim that plaintiff has been discriminated against in the provision of services "by reason," i.e., *because*, of his disability. Rather, the essence of plaintiff's claim is that he is not being provided adequate medical treatment *for* his disability because defendants are acting with deliberate indifference to his serious medical needs. Consequently, the Court finds plaintiff's allegations do not state a claim for relief under the ADA. See Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir.) (holding duty to provide "reasonable

accommodations" under Title II arises only when policy, practice or procedure discriminates on basis of disability), cert. denied, 522 U.S. 971 (1997).[1]  Accordingly, plaintiff's ADA claim will be dismissed.

Additionally, to the extent plaintiff may be attempting to assert a separate claim of a constitutional violation based on the violation of his rights under the ADA, such claim is without merit.  A violation of the ADA does not state a claim for relief under § 1983; "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his] individual capacity to vindicate rights created by Title II of the ADA." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to file a supplemental complaint is hereby GRANTED.  (Docket No. 44.)  <u>The Clerk of the Court shall file and docket as a separate docket entry the supplemental complaint appended to plaintiff's motion.</u>

2. Plaintiff may proceed with his supplemental claim of deliberate indifference to his serious medical needs against defendants Dr. Nancy Adam and Dr. Michael Sayre.

3.  Plaintiff's ADA claim is not cognizable and is hereby DISMISSED.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the supplemental complaint in this matter and all attachments thereto and a copy of this order upon defendant **Dr. Nancy Adam** at Pelican Bay State Prison.  The Clerk shall also serve defendant **Dr. Sayre's counsel** with a copy of the supplemental complaint.

5. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the FAC and supplemental complaint.

---

[1]Plaintiff's ADA claim is not cognizable for the additional reason that plaintiff has named as defendants the individual prison doctors who allegedly are denying him adequate medical care.  Individuals, however, cannot be sued directly under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

**If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

6. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

7. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

8. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[2]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

9. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

10. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely

fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 44.

IT IS SO ORDERED.

DATED: March 12, 2010

_____
MAXINE M. CHESNEY
United States District Judge