United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNASCIO ESTRADA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LINDA CAROL ROWE, M.D.,<br>MICHAEL SAYRE, M.D.,<br>NANCY ADAMS, M.D.,<br><br>　　　　Defendants.<br>_____ | No. C 08-2801 MMC (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S DISCOVERY MOTIONS, DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND MEDICAL EXPERT; SETTING SCHEDULES FOR FILING OF RENEWED MOTION TO COMPEL AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Docket Nos. 67, 68, 69, 70, 73, 76, 79, 83, 90) |

On June 5, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed against Dr. Linda Rowe ("Dr. Rowe") and Dr. Michael Sayre ("Dr. Sayre"), two physicians employed at PBSP, the above-titled civil rights action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs and seeking injunctive relief. Subsequently, the Court granted plaintiff's request to amend his complaint to include a claim for damages, and plaintiff thereafter filed his First Amended Complaint ("FAC"). After defendants filed an answer to the FAC, the Court referred the matter to Magistrate Judge Nandor J. Vadas for mediation proceedings, but the parties were unable to reach an agreement. Plaintiff then moved to file a supplemental complaint alleging ongoing inadequate medical care and naming Dr. Nancy Adams ("Dr. Adams") as a

1 defendant. The Court granted plaintiff's request and directed defendants to file a motion for
2 summary judgment or other dispositive motion with respect to the claims found to be
3 cognizable in the FAC and supplemental complaint.
4     Now before the Court are three motions for summary judgment, filed, respectively, on
5 behalf of Dr. Rowe, Dr. Sayre and Dr. Adams. Plaintiff has opposed the motions and
6 defendants have filed replies.
7     Also pending are plaintiff's motions to compel discovery, for appointment of counsel
8 and a medical expert, and for reconsideration.

## BACKGROUND

10     In the FAC and supplemental complaint, plaintiff alleges the following:
11     Plaintiff suffers from osteoarthritis and sciatica, causing him chronic and severe back
12 pain and mobility problems. Between 2006 and the filing of the supplemental complaint,
13 plaintiff was treated for his back problems by defendants Dr. Rowe, Dr. Sayre and Dr.
14 Adams. The medications plaintiff was prescribed, however, failed to lessen his pain or
15 improve his mobility. Instead, plaintiff's symptoms continued to worsen. Although plaintiff
16 continually complained that the medical treatment and pain control he was receiving was
17 inadequate, and requested additional diagnostic procedures, alternate medications and
18 referral to a specialist, defendants denied such requests, informing plaintiff that his condition
19 did not require treatment other than what he was receiving.
20     Plaintiff claims defendants acted with deliberate indifference to his serious medical
21 needs by failing to provide him with adequate pain medication and medical treatment in
22 accordance with accepted medical standards. Further, plaintiff claims that, as a result of such
23 failure, plaintiff's pain and mobility problems have increased, and the lack of adequate pain
24 control has caused his blood pressure to become dangerously high.

## PENDING MOTIONS

26 A.    <u>Discovery and Summary Judgment Motions</u>
27     1.    <u>Procedural Background</u>
28     As noted above, after defendants filed an answer to the FAC the Court referred the

2

matter to Magistrate Judge Nandor J. Vadas for mediation proceedings but the parties were unable to reach an agreement. Thereafter, on January 11, 2010, plaintiff filed a motion to compel the production of documents and answers to interrogatories from defendants Dr. Rowe and Dr. Sayre. (Docket No. 51.) Subsequently, plaintiff withdrew the motion after defendants' counsel agreed to respond to plaintiff's discovery requests. (Docket No. 57.)

The Court then ordered the supplemental complaint served on defendant Dr. Adams and set a briefing schedule for the filing by defendants of a motion for summary judgment or other dispositive motion; the Court subsequently granted defendants an extension of time to file such motion. (Docket Nos. 58 & 66.) On May 12, 2010, prior to the filing of defendants' summary judgment motions, plaintiff filed a renewed motion to compel the production of documents and answers to interrogatories from defendants Dr. Rowe and Dr. Sayre, on the ground defendants had not responded to all of plaintiff's discovery requests. (Docket No. 67.) Further, on June 28 and August 2, 2010, plaintiff filed motions for the Court to deem admitted by default the first set of requests for admission served by plaintiff on defendants Dr. Rowe, Dr. Sayre, and Dr. Adams, which said defendants had failed to answer. (Docket Nos. 68 & 70.)

Defendants did not file a response to plaintiff's motion to compel or motions to deem the requests admitted. On August 27, 2010, each defendant filed a separate motion for summary judgment. (Docket Nos. 73, 76, 79.)

On August 30, 2010, plaintiff filed a motion to compel defendant Dr. Sayre to respond to the second and third sets of plaintiff's requests for admission. (Docket No. 83.)

On September 13, 2010, plaintiff filed oppositions to defendants' motions for summary judgment. (Docket No. 86.) In his declarations in support of his oppositions, plaintiff states he has been hampered in the preparation of the oppositions as defendants never responded to his motions to compel or answered his requests for admission.

On September 21, 2010, each defendant filed a separate reply to plaintiff's oppositions. No defendant has addressed the matter of plaintiff's outstanding discovery requests or pending discovery motions.

3

2. <u>Discussion</u>

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See <u>Garrett v. San Francisco</u>, 818 F. 2d 1515, 1518 ( 9th Cir. 1987).[1]  In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See <u>Garrett</u>, 818 F.2d at 1518.

The Ninth Circuit has made clear that in cases involving pro se prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:

> Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" <u>Crawford-El v. Britton</u>, 523 U.S. 574, 599, n. 20, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 412 (9th Cir. 1988); <u>Harris v. Pate</u>, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. <u>Klingele</u>, 849 F.2d at 412.

<u>Jones v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004); <u>see</u> <u>also</u> <u>McGary v. Culpepper</u>, 322 Fed. Appx. 509, 2009 WL 1010485 at *1 (9th Cir. 2009) (reversing order granting summary judgment in favor of defendants where district court did not first rule on pending discovery requests filed by pro se plaintiff in custody pursuant to civil commitment).

---

[1] <u>Garrett</u> cites to Rule 56(f), the subsection in which the provisions pertaining to a party's inability to present facts essential to justify its opposition formerly were set forth; as of December 1, 2010, the applicable provision is Rule 56(d). See Fed. R. Civ. P. 56.

4

Although it is not immediately clear that all of the information sought by plaintiff's outstanding discovery requests is relevant to the matters at issue herein, at least some of plaintiff's requests appear likely to lead to discovery that would not be fruitless with respect to proof of plaintiff's deliberate indifference claims. (See, e.g., Revised Request for Production of Documents, Requests #2 (seeking documents concerning PBSP medical and treatment policies from 2006-2010), #5 (seeking plaintiff's complete medical file), #7 (seeking all evidence in defendants' possession relating to the allegations made in plaintiff's complaint); First Set of Interrogatories to Dr. Rowe, Interrogatory #20 (asking whether Dr. Rowe told plaintiff to stop submitting medical request forms seeking pain relief); First Set of Interrogatories to Dr. Sayre, Interrogatories #2 (asking whether Dr. Sayre told plaintiff the reason plaintiff believed he was not receiving proper treatment from him is because plaintiff is Mexican and said defendant is African-American), #20-22 (asking whether Dr. Sayre ever made an attempt to have plaintiff seen by a specialist, whether Dr. Sayre is aware of plaintiff's spinal condition, and whether Dr. Sayre is aware of plaintiff's having filed numerous grievances complaining of severe pain and spinal deterioration); see also generally requests for admission.)

As noted, defendants have not responded to plaintiff's motions to compel or plaintiff's requests for admission. Further, it is unclear from plaintiff's declarations whether defendants' counsel has responded to plaintiff's requests to meet and confer, as is required by Civil Local Rule 37-1 prior to a district court's consideration of a motion to resolve a discovery dispute. Consequently, the Court, rather than ordering defendants, as an initial matter, to respond to plaintiff's pending discovery motions, will deny said motions without prejudice and, to ensure that the parties confer for the purpose of attempting to resolve all disputed issues, will require the parties to file a joint statement regarding the discovery requests they have been unable to resolve. Thereafter, plaintiff may file a renewed motion to compel, as set forth below in the Conclusion section of this order.

Additionally, in view of the above, the Court will deny defendants' motions for summary judgment without prejudice to defendants' filing renewed motions once the

5

pending discovery matters have been resolved. See Fed. R. Civ. P. 56(d)(1). The Court also will deny as moot plaintiff's motion to supplement his declarations in support of his oppositions to defendants' motions.

B.  Motion for Appointment of Counsel

Plaintiff has filed a motion by which he seeks appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Accordingly, the motion for appointment of counsel will be denied. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

C.  Motion for Appointment of Medical Expert

Plaintiff moves, pursuant to Rule 706 of the Federal Rules of Evidence, for appointment of a medical expert to examine him and testify at trial. (Docket No. 69 at 23.) Plaintiff asserts such appointment is necessary to aid the Court in its assessment of plaintiff's claims, in light of defendants' contentions that they did not act with deliberate indifference to plaintiff's serious medical needs because plaintiff's condition is "mild" and, therefore, neither additional treatment nor referral to an orthopedic and/or pain specialist was medically indicated.

6

Pursuant to Rule 702 of the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. Under Rule 706, the court may on its own motion or on the motion of a party appoint an expert witness. Fed. R. Evid. 706(a). The expert so appointed is entitled to such reasonable compensation as the court may allow, and, in a civil case, unless funds have been provided by law to pay the compensation, the compensation is "paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid. 706(b).

In the instant case, plaintiff is proceeding in forma pauperis and, presumably, is not able to compensate an expert witness, nor does the in forma pauperis statute, 28 U.S.C. § 1915, either provide for the payment of fees and expenses for witnesses, see Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993), or for the waiver of such fees and expenses. See Hadsell v. Comm'r Internal Revenue Serv., 107 F.3d 750, 752 ( 9th Cir. 1997). Under such circumstances, the district court has the discretion to appoint an expert and apportion all costs of compensation to one side. See McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir.), vacated and remanded on other grounds, 502 U.S. 903 (1991).

At this point in the proceedings, however, the Court finds it is premature to decide whether appointment of a medical expert is warranted. Specifically, until the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact. Accordingly, plaintiff's motion for appointment of a medical expert will be denied without prejudice to plaintiff's renewing such motion, or the Court sua sponte considering such appointment, once defendants' summary judgment motions have been fully briefed.

D.  Motion for Preliminary Injunction

In the early stages of the instant action, plaintiff filed a motion for a preliminary injunction. The Court, by order filed May 22, 2009, denied the motion on the ground plaintiff had failed to comply with the notice requirement for issuance of a preliminary injunction and had not certified the reasons for his failure to provide such notice. See Fed. R. Civ. P. 65(a)(1), (b)(1). Thereafter, plaintiff moved for reconsideration of the Court's order and sought leave to refile his motion, on the ground he had unintentionally failed to comply with Rule 65. In view of the referral of the case to Magistrate Judge Vadas for mediation proceedings, the Court denied the motion without prejudice, pending completion of such proceedings.

As mediation proceedings have concluded, plaintiff now moves for a ruling on the motion for reconsideration. Plaintiff's motion will be granted; plaintiff may file a renewed motion for a preliminary injunction, to which motion defendants will be ordered to respond, as set forth below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's pending discovery motions are hereby DENIED without prejudice.

2. Within **thirty** days of the date this order is filed (1) the parties shall file a joint statement regarding all outstanding discovery matters that the parties have been unable to resolve, **and** (2) plaintiff shall either file a renewed motion to compel discovery or inform the Court that he does not intend to file such motion.

If plaintiff files a renewed motion to compel discovery, defendants **shall** file a response thereto within **twenty** days of the date the motion is filed.

Plaintiff may file a reply to the response no later than **fifteen** days after the date defendants' response is filed. The motion will be deemed submitted on the date the reply is due.

3. Defendants' summary judgment motions are hereby DENIED without prejudice, and plaintiff's motion to supplement his declarations in opposition to such motions is hereby

8

DENIED as moot.

The Court will set a schedule for the filing of renewed summary judgment motions after all pending discovery matters have been resolved.

4. Plaintiff's motions for appointment of counsel and for appointment of a medical expert are hereby DENIED without prejudice.

5. Within **thirty** days of the date this order is filed, plaintiff shall file any renewed motion for entry of a preliminary injunction.

Defendants **shall** file a response thereto within **twenty** days of the date the motion is filed.

Plaintiff may file a reply to the response no later than **fifteen** days after the date defendants' response is filed. The motion will be deemed submitted on the date the reply is due.

This order terminates Docket Nos. 67, 68, 69, 70, 73, 76, 79, 83 and 90.

IT IS SO ORDERED.

DATED: January 25, 2011

_____
MAXINE M. CHESNEY
United States District Judge