United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNASCIO ESTRADA,<br><br>    Plaintiff,<br><br>  v.<br><br>LINDA CAROL ROWE, M.D.,<br>MICHAEL SAYRE, M.D.,<br>NANCY ADAMS, M.D.,<br><br>    Defendants. | No. C 08-2801 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; DENYING PLAINTIFF'S ADMINISTRATIVE REQUEST; SETTING BRIEFING SCHEDULE**<br><br>**(Docket Nos. 97, 101, 104, 108)** |

On June 5, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed against Dr. Linda Rowe ("Dr. Rowe") and Dr. Michael Sayre ("Dr. Sayre"), two physicians employed at PBSP, the above-titled civil rights action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs and seeking injunctive relief.  Subsequently, the Court granted plaintiff's request to amend his complaint to include a claim for damages, and plaintiff thereafter filed his First Amended Complaint ("FAC").  After defendants filed an answer to the FAC, the Court referred the matter to Magistrate Judge Nandor J. Vadas for mediation proceedings, but the parties were unable to reach an agreement.  Plaintiff then moved to file a supplemental complaint alleging ongoing inadequate medical care and naming Dr. Nancy Adams ("Dr. Adams") as an additional defendant.  The Court granted plaintiff's request and directed defendants to file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the FAC and supplemental complaint.

On August 27, 2010, defendants filed three separate motions for summary judgment. By order filed January 25, 2011, the Court, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, denied the motions without prejudice, in order to permit the parties to resolve pending discovery matters. Plaintiff has reported to the Court that the parties were able to resolve those disputes and that plaintiff will not seek to compel further discovery. (Docket No. 103.) Accordingly, defendants will be afforded leave to renew their motions for summary judgment in accordance with the briefing schedule set forth in the conclusion of this order.

The Court next turns to two motions filed by plaintiff: (1) plaintiff's motion for a preliminary injunction, filed February 14, 2010, by which motion plaintiff seeks an order requiring defendants to implement a plan of medical treatment purportedly recommended by a pain specialist, and (2) plaintiff's motion for administrative relief, filed May 27, 2010, by which motion plaintiff requests the Court's assistance in providing copies of his anticipated opposition to defendants' anticipated summary judgment motions.

## BACKGROUND

In the FAC and supplemental complaint, plaintiff alleges the following:

Plaintiff suffers from osteoarthritis and sciatica, causing him chronic and severe back pain and mobility problems. Between 2006 and the filing of the supplemental complaint, plaintiff was treated for his back problems by defendants Dr. Rowe, Dr. Sayre, and Dr. Adams. The medications plaintiff was prescribed failed to lessen his pain or improve his mobility. Instead, plaintiff's symptoms continued to worsen. Plaintiff continually complained that the medical treatment and pain control medications he was receiving were inadequate. Defendants, however, denied his requests for additional diagnostic procedures, alternate medications and referral to a specialist, and informed plaintiff that his condition did not require treatment other than what he was receiving.

Plaintiff claims defendants acted with deliberate indifference to his serious medical needs by failing to provide him with adequate pain medication and medical treatment in accordance with accepted medical standards. As a result of said failures, plaintiff claims, his

pain and mobility problems have increased, and the lack of adequate pain control has caused his blood pressure to become dangerously high.

**PENDING MOTIONS**

A. <u>Preliminary Injunction</u>

   1. <u>Background</u>

On September 10, 2010, plaintiff filed a state habeas petition in the Del Norte County Superior Court. (Defs.' Req. for Jud. Not., Ex. C.) As in the instant action, plaintiff's state habeas petition raises a constitutional claim of deliberate indifference to his back pain. (<u>Id.</u>) In the state action, the court ordered the California prison medical receiver to file a return to the petition, which return was filed on or about November 18, 2010. (Mot. for PI, Ex. A.) In his return, the receiver concluded plaintiff's condition was not severe and that California Department of Corrections and Rehabilitation ("CDCR") medical staff had provided plaintiff with proper care. (<u>Id.</u> at 4-5.) Nevertheless, "to ensure [p]etitioner's health care needs continue[d] to be fully addressed prospectively," the receiver adopted the Corrective Action Plan ("CAP") proposed by the "reviewing physician," Dr. Beisenherz, which CAP included a consultation with a specialist in physiatry/pain management. (<u>Id.</u> at 5.) Thereafter, on or about January 13, 2011, plaintiff was evaluated by G. Williams, M.D., a "physical medicine and rehabilitation doctor specializing in disabilities and painful conditions." (Mot. for PI, Ex. C.)

By the instant motion, plaintiff requests a Court order mandating that defendants provide the medical care recommended by Dr. Williams, which, plaintiff states, consists of: "(1) trigger point injections for chronic myofascial pain; (2) greater trochanteric injections for trochanteric bursitis of the left leg; (3) a chrono for a double mattress; (4) a chrono for a pillow; and (5) a follow-up for physical therapy as recommended by the physical therapist." (Mot. for PI at 1-2.)[1]

---

[1] The Court notes that the above-referenced recommendations attributed to Dr. Williams do not appear in Dr. Williams' report, although the report does recommend trigger point injections "if [plaintiff's] pain worsens" and an evaluation by a physical therapist to

3

2. <u>Discussion</u>

Defendants argue plaintiff's motion is barred by a pending class action, <u>Plata v. Schwarzenegger</u>, No. C-01-1351-THE (N.D. Cal., filed April 5, 2001). In <u>Plata</u>, by stipulation filed June 13, 2002, the class therein was defined as "consist[ing] of all prisoners in the custody of the CDC with serious medical needs, except those incarcerated at Pelican Bay State Prison." (Defs.' Req. for Jud. Not., Ex. A, ¶ 8.) On June 6, 2008, however, the parties in <u>Plata</u> stipulated that prisoners at PBSP would be included within the <u>Plata</u> class. (Defs.' Req. for Jud. Not., Ex. B.)

Separate individual suits may not be maintained for equitable relief from alleged unconstitutional prison conditions where a class action lawsuit involving the same subject matter is pending. See <u>Crawford v. Bell</u>, 599 F.2d 890, 892-93 (9th Cir. 1979); <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165-66 (10th Cir. 1991); <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." <u>Gillespie</u>, 858 F.2d at 1103.[2] Because plaintiff's claim for injunctive relief falls within the subject matter of <u>Plata</u>, specifically, adequacy of medical care, it may not be maintained in the instant action.[3]

Accordingly, plaintiff's motion for a preliminary injunction will be denied.

B. <u>Motion for Administrative Relief</u>

By his motion for administrative relief, plaintiff asks the Court to make and mail, to

---

ensure plaintiff's correct performance of his exercise program. (Mot. for PI, Ex. C.)

[2]With his reply, plaintiff argues his attempts to obtain relief through the <u>Plata</u> action have been unsuccessful and, in support thereof, submits letters sent to him by the Prison Law Office. (Reply at 1-2 and Ex. A.) The correspondence on which plaintiff relies, however, took place in 2009, and thus preceded the purported medical plan plaintiff seeks to enforce by the instant motion.

[3]In light of such finding, the Court does not address herein defendants' alternative argument, which is based on the <u>Younger</u> abstention doctrine.

4

plaintiff and defendants, copies of plaintiff's opposition to defendants' summary judgment motions, which opposition, plaintiff anticipates, will exceed 100 pages, inclusive of exhibits. According to plaintiff, PBSP regulations impose a 100-page limit on the number of copies PBSP will make for a prisoner, thereby precluding plaintiff from keeping a copy for himself and providing copies to defendants.

At this stage of the proceedings, the motion is premature. There is no pending motion for summary judgment and, consequently, plaintiff has not submitted to any prison official any opposition to be copied, let alone shown he is unable to obtain copies thereof by any means other than the process he requests be ordered.

Accordingly, plaintiff's administrative request will be denied without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for a preliminary injunction is hereby DENIED.

2. Defendants' request for judicial notice and supplemental request for judicial notice are hereby GRANTED.

3. Within **thirty** days of the date this order is filed, defendants shall file any renewed motion(s) for summary judgment.

Plaintiff may file a response thereto within **thirty** days of the date the motions are filed.

Defendants **shall** file a reply to the response no later than **fifteen** days after the date plaintiff's response is filed. The motions will be deemed submitted on the date the reply is due.

4. Plaintiff's motion for administrative relief is hereby DENIED without prejudice.

This order terminates Docket Nos. 97, 101, 104, and 108.

IT IS SO ORDERED.

DATED: June 17, 2011

_____
MAXINE M. CHESNEY
United States District Judge

5