IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNASCIO ESTRADA,<br><br>    Plaintiff,<br><br>  v.<br><br>LINDA CAROL ROWE, M.D.,<br>MICHAEL SAYRE, M.D.,<br>NANCY ADAMS, M.D.,<br><br>    Defendants.<br>_____ | No. C 08-2801 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING PLAINTIFF'S MOTION TO STAY; EXTENDING DEADLINE FOR PLAINTIFF'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(Docket Nos. 110, 111, 124)** |

    On June 5, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed against Linda Rowe, M.D. and Michael Sayre, M.D., two physicians employed at PBSP, the above-titled civil rights action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs and seeking injunctive relief. Subsequently, the Court granted plaintiff's request to amend his complaint to include a claim for damages, and plaintiff thereafter filed his First Amended Complaint ("FAC"). After defendants filed an answer to the FAC, the Court referred the matter to Magistrate Judge Nandor J. Vadas for mediation proceedings, but the parties were unable to reach an agreement. Plaintiff then moved to file a supplemental complaint alleging ongoing inadequate medical care and naming Nancy Adams, M.D., as an additional defendant. The Court granted plaintiff's request and directed defendants to file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the FAC and supplemental complaint.

On August 27, 2010, defendants filed three separate motions for summary judgment. By order filed January 25, 2011, the Court, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, denied the motions without prejudice, in order to permit the parties to resolve pending discovery matters. On February 28, 2011, plaintiff reported that the parties were able to resolve their discovery disputes and that plaintiff would not seek to compel further discovery. Accordingly, the Court afforded defendants leave to renew their motions for summary judgment. Defendants renewed their three separate motions for summary judgment on July 15, 2011.

Now before the Court are three motions filed by plaintiff: (1) plaintiff's motion for administrative relief; (2) plaintiff's motion for appointment of counsel; and (3) plaintiff's motion to stay defendants' motions for summary judgment.

A.  Motion for Administrative Relief

Plaintiff asks the Court to make and mail, to plaintiff and defendants, copies of plaintiff's opposition to defendants' summary judgment motions, which opposition, plaintiff anticipates, will exceed 100 pages, inclusive of exhibits. The instant motion is plaintiff's second such request for administrative relief. According to plaintiff, PBSP regulations impose a 100-page limit on the number of copies PBSP will make for a prisoner, thereby precluding plaintiff from keeping a copy for himself and providing copies to defendants.

The Court previously denied plaintiff's request without prejudice, on the ground that it was premature. Specifically, at the time of plaintiff's previous request, there was no pending motion for summary judgment and, consequently, plaintiff had not submitted to any prison official any opposition to be copied. Moreover, plaintiff failed to show he was unable to obtain copies thereof by any means other than the requested process.

Apparently in response to the above ruling, plaintiff now submits a section of the PBSP Operations Manual. (See Mot. for Admin Rel. Ex. A.) (providing "[i]n no event shall staff be required to duplicate a legal document exceeding 100 pages in length in the absence of a court order directing the duplication"). Plaintiff, however, has not shown the number of pages he anticipates submitting are in fact necessary, and, consequently, fails to show good

2

cause for an order directing the Clerk of Court to make and mail the requested copies at court expense. The Court, nevertheless, will not require plaintiff to himself serve defendants with copies of his opposition. Rather, plaintiff may file his opposition and any exhibits thereto, and the Clerk will scan such filing into the Court's electronic filing system ("ECF"), from which defendants may obtain the filing. If plaintiff seeks copies for himself beyond the number of pages PBSP will provide to him, he may complete the Court's form request for photocopies and pay the applicable copying fees described therein. A copy of the form request along with instructions for completing it are provided to plaintiff herewith.

B.  <u>Motion for Appointment of Counsel</u>

Plaintiff's instant motion for appointment of counsel represents plaintiff's fourth such request in this matter. For the reasons stated in the Court's prior orders, plaintiff's new motion for appointment of counsel will be denied. If the Court subsequently determines appointment of counsel is warranted, the Court will seek volunteer counsel to represent plaintiff.

C.  <u>Motion to Stay Defendants' Motions for Summary Judgment</u>

Plaintiff moves for an order staying defendants' motions for summary judgment pending ruling on his above-described motions for administrative relief and counsel. By the instant order, those motions have been resolved. Accordingly, plaintiff's motion to stay summary judgment proceedings will be denied as moot. The Court will, however, extend plaintiff's deadline to file an opposition to defendants' summary judgment motions as set forth below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for administrative relief is hereby DENIED. Plaintiff's opposition to defendants' motions for summary judgment will be deemed served on the date plaintiff files such opposition with the Court.

2. Plaintiff's motion for appointment of counsel is hereby DENIED.

3. Plaintiff's motion to stay defendants' motions for summary judgment is hereby

DENIED.

4. Plaintiff shall file his opposition to defendants' motions for summary judgment no later than September 15, 2011. Defendants shall file their replies to plaintiff's opposition no later than October 7, 2011.

This order terminates Docket Nos. 110, 111, and 124.

IT IS SO ORDERED.

DATED: August 2, 2011

_____
MAXINE M. CHESNEY
United States District Judge